UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTTSDALE INSURANCE COMPANY,

    Plaintiff,

v.                                                  Case No: 2:16-cv-602-FtM-99MRM

PUSHING DAIZIES, INC., DAVID
PEREZ, KADDIAMY BARUH, ESTELLA
WILSON and CITY OF FORT MYERS,

    Defendants.
_____/

## ORDER

Pending before the Court is the City of Fort Myers' ("City") Motion to Strike Scottsdale Insurance Company's ("Scottsdale") Second Affirmative Defense (Doc. 102) filed on June 14, 2017. Scottsdale filed a Response in Opposition to the City's Motion to Strike (Doc. 109) on July 5, 2017. This matter is ripe for review.

**I.    Background**

Scottsdale originally brought this action on August 2, 2016. (Doc. 1). Scottsdale's original Complaint sought a declaratory judgment related to an insurance policy it issued to Defendant Pushing Daizies, Inc. ("Daizies"). (*Id.* at 17). Scottsdale alleges Daizies was the organizer of the so-called "Zombicon" event in Fort Myers, Florida. (*Id.* at ¶ 12). Scottsdale alleges that an intentional shooting occurred at the event. (*Id.*). Individuals claiming to have been shot at the event sued Daizies. (*Id.* at ¶ 13). Scottsdale defended Daizies under a reservation of rights. (*Id.*). Scottsdale alleges that the insurance policy had an Assault and/or Battery Exclusion Endorsement. (*Id.* at ¶ 14). Scottsdale's original Complaint requested the

Court to declare that there is no coverage to Daizies related to claims from the Zombicon event based upon the insurance policy's Assault and/or Battery Exclusion Endorsement. (*Id.* at 16-17).

On March, 3, 2017, the City filed an Unopposed Motion to Intervene as Defendant (Doc. 67), asserting an "interest in the subject matter of the action because this case involves the scope of coverage of an insurance policy to which the City is an additional insured," (*id.* at 10). On March 13, 2017, the Court granted the City's Unopposed Motion to Intervene as Defendant. (Doc. 70). On April 19, 2017, the Court granted Scottsdale's Unopposed Motion for Leave to File Second Amended Complaint for Declaratory Judgment (Doc. 71). (Doc. 83). Scottsdale's Second Amended Complaint for Declaratory Judgment (Doc. 85) was entered the same day. In pertinent part, Scottsdale's Second Amended Complaint requests judgment declaring that the insurance policy does not afford insurance coverage to Daizies or the City for the claims related to the Zombicon event. (Doc. 85 at 14).

On May 3, 2017, the City filed its Answer, Defenses, Counterclaims, and Demand for Jury Trial (Doc. 90). As the Counter-Plaintiff, the City asserts three counterclaims against Scottsdale related to the insurance policy: Count I is Breach of Contract (Duty to Defend); Count II is Breach of Contract (Duty to Indemnify); and Count III is Declaratory Relief. (Doc. 90 at 15-18). As the Counter-Defendant, Scottsdale filed its Answer and Affirmative Defenses (Doc 100) on May 24, 2017, asserting four affirmative defenses, (*id.* at 5-10).

## II.  The Motion to Strike Scottsdale's Second Affirmative Defense (Doc. 102)

In its Motion, the City seeks to strike Scottsdale's Second Affirmative Defense. (Doc. 102 at 3). This affirmative defense cites to the subject insurance policy and its policy definitions, (Doc. 100 at 6-8), and then states "[t]o the extent that a covered 'occurrence' as defined under the Policy has not occurred, the Policy affords no coverage for the subject claims made and

damages sought against Daizies and the City," (*id.* at 8). The City argues that Scottsdale's Second Affirmative it as a "conclusory allegation" without factual support. (Doc. 102 at 3). Specifically, the City argues that "Scottsdale's Second Affirmative Defense does no more than cut and paste large sections of the Policy (including numerous defined terms, exclusion, and conditions) and then simply allege that coverage does not apply if an 'occurrence' has not 'occurred.'" (*Id.* at 1).

In support of its arguments, the City notes that there is a "debate regarding whether the *Twombly/Iqbal* pleading standard applies to affirmative defenses." (*Id.* at 2 n.1).[1] The City contends that this Court has held that the *Twombly/Iqbal* standard applies to affirmative defenses. (*Id.* (citing *e.g.*, *Merrill v. Dyck-O'Neal, Inc.*, No. 2:15-cv-232-FTM-38, 2015 WL 4496101, at *1 (M.D. Fla. July 23, 2015)). Nonetheless, the City argues that "even cases declining to apply the *Twombly/Iqbal* standard require an affirmative defense to provide the opposing party with sufficient notice to meet the defense at trial." (*Id.* (citing *Heath v. Deans Food T.G. Lee*, No. 6:14-cv-2023-ORL-28, 2015 WL 1524083, at *1 (M.D. Fla. Apr. 2, 2015)). Here, the City contends that Scottsdale's Second Affirmative Defense "provides no explanation whatsoever for its legal conclusion that an 'occurrence' has not occurred." (*Id.*). Thus, the City argues that the defense does not provide it with sufficient notice to respond. (*Id.*). Accordingly, the City contends that the Second Affirmative Defense fails to satisfy Rule 8 of the Federal Rules of Civil Procedure and, therefore, should be stricken. (*Id.*).

In response, Scottsdale argues that its Second Affirmative Defense satisfies Rule 8 and, thus, is sufficient as a matter of law. (Doc. 109 at 2). Specifically, Scottsdale argues that

---

[1] *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (articulating the heightened "plausibility" pleading standard); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (same).

"several decisions in the Middle District of Florida have noted that the majority of federal courts refuse to apply the *Twombly/Iqbal* pleading standard to affirmative defenses." (*Id.* at 3 (citing *Heath*, 2015 WL 1524083 at *1)). Thus, Scottsdale argues that "there is no requirement under Florida law that an insurer plead in an affirmative defense specific facts demonstrating exactly *how* a policy provision applies, particularly when discovery has not been completed." (*Id.*).

Moreover, Scottsdale states that its "Second Affirmative Defense quotes the Policy's relevant insuring agreement and 'occurrence' definition, as well as various terms and definitions within the relevant insuring agreement, and simply asserts that the Policy does not afford coverage in the absence of an 'occurrence.'" (*Id.* at 3-4). As a result, Scottsdale contends that "[t]he defense complies with Fed. R. Civ. P. 8 in that it is set forth in short and plain terms and adequately places the City on notice of the issue to be litigated (*i.e.* whether an "occurrence" took place in order to trigger the Policy's insuring agreement). (*Id.* at 4 (citing *Core Constr. Servs. SE, Inc. v. Amerisure Ins. Co.*, No. 6:12-cv-836-Orl-36KRS, 2012 WL 12904335, at *2-3 (M.D. Fla. Oct. 5, 2012))). Accordingly, Scottsdale argues that the Motion to Strike should be denied. (*Id.*).

**III.     Legal Standards**

Fed. R. Civ. P. 8(c) governs Affirmative Defenses, stating that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Williamceau v. Dyck-O'Neal, Inc.*, No. 2:16-cv-855-FTM-29CM, 2017 WL 2544872, at *1 (M.D. Fla. June 13, 2017) (Steele, J.) (quoting *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999)).

A court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Nonetheless, "[a] motion to strike is a drastic remedy, which is disfavored by the courts." *Thompson v. Kindred Nursing Centers E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (internal quotations and citations omitted). Motions to strike "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Id.* (citations omitted). An affirmative defense will be stricken if it is insufficient as a matter of law. *Herman v. SeaWorld Parks & Entm't, Inc.*, No. 8:14-cv-3028-T-35EAJ, 2015 WL 12859432, at *2 (M.D. Fla. June 16, 2015) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). "A defense is insufficient as a matter of law if (1) on the face of the pleadings, it is patently frivolous or (2) if it is clearly invalid as a matter of law." *Microsoft Corp. v. Jessee's Computs. & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (citing *Anchor*, 419 F. Supp. at 1000).

As noted above, there is some question whether the heightened pleading standard articulated in *Twombly/Iqbal* applies to affirmative defenses. *Compare Herman*, 2015 WL 12859432, at *3 (Scriven, J.) (concluding that the *Twombly/Iqbal* pleading standard does not apply to affirmative defenses), *with Merrill*, 2015 WL 4496101, at *1 (Chappell, J.) (citing *Twombly*, 550 U.S. at 544 and stating "[a] pleader must . . . plead enough facts to state a plausible basis for the claim"). Despite this uncertainty, this Court has routinely held that "a defendant is required to plead sufficient relevant factual 'allegations connecting the defense to [the plaintiff's] claims in th[e] case.'" *Daley v. Scott*, No. 2:15-cv-269-FTM-29DNF, 2016 WL 3517697, at *2 (M.D. Fla. June 28, 2016) (Steele, J.) (citing *Schmidt v. Synergentic Commc'ns, Inc.*, No. 2:14-cv-539-FTM-29CM, 2015 WL 997828, at *2 (M.D. Fla. Mar. 5, 2015)).

Moreover, "compliance with Rule 8(c) requires a defendant to set forth 'some facts establishing a nexus between the elements of an affirmative defense and the allegations in the complaint,' so as to provide the plaintiff fair notice of the grounds upon which the defense rests." *Williamceau*, 2017 WL 2544872, at *1 (quoting *Pk Studios, Inc. v. R.L.R. Invs., LLC*, No. 2:15-cv-389-FTM-99CM, 2016 WL 4529323, at *2 (M.D. Fla. Aug. 30, 2016)). "If an affirmative defense comprises no more than bare bones conclusory allegations, it must be stricken." *Merrill*, 2015 WL 4496101, at *1 (quotations omitted; citing *Microsoft*, 211 F.R.D. at 684).

**IV.     Analysis**

Upon review of Scottsdale's Second Affirmative Defense, the Court finds that the City's Motion is due to be denied. In making this determination, the Court finds this Court's previous decision in *Core Construction Services Southeast, Inc. v. Amerisure Insurance Company* to be highly persuasive. *See* 2012 WL 12904335. In *Core Construction*, the Court denied a motion to strike affirmative defenses in an action for breach of contract for failure to defend and to indemnify. *Id.* at *1-3. There, the plaintiff sought to strike a number of the defendant's affirmative defenses for failure to provide sufficient supporting facts. *Id.* at *1-2. Of note, the defendant's seventh affirmative defense asserted, in pertinent part, "to the extent that any 'property damage' sought against Plaintiff in the Underlying Action was not caused by an 'occurrence' as defined by the Policy as such 'property damage' would not fall within the Insuring Agreement of the Policy." *Id.* at *1.

The Court found that the defendant's affirmative defenses, including the seventh affirmative defense, "raise[d] disputes directly related to the allegations of the complaint." *Id.* at *3. The Court noted that the defendant "point[ed] to portions of the insurance policy (or its exclusions) that, it alleges, would result in a finding that [the defendant] is not liable for the relief

6

[the plaintiff] seeks in this action." *Id.* The Court found that the plaintiff "ha[d] not shown that it would be prejudiced if the merits of these defenses are resolved at summary judgment or trial, as opposed to being resolved on a motion to strike" or that "these affirmative defenses fail to provide sufficient notice as to how the cited policy provisions apply to the instant case." *Id.* Although the defendant failed to quote the policy provisions at issue, the Court held that the defendant identified them with enough specificity for the plaintiff to have notice of the defenses the defendant may raise. *Id.* As a result, the Court denied the motion to strike. *Id.*

The instant case is analogous to *Core Construction*. For instance, as in *Core Construction*, the present counterclaim is an action for breach of contract for failure to defend and indemnify. (*See* Doc. 90 at 15-17). Similarly, a review of Scottsdale's Second Affirmative Defense shows that it includes analogous words and phrases as the affirmative defense at issue in *Core Construction*, including specifically the term "occurrence." (*See* Doc. 100 at 8). Moreover, as in *Core Construction*, Scottsdale's Second Affirmative Defense directly disputes the allegations made to support the claims asserted in this litigation. *See* 2012 WL 12904335, at *3. In fact, similar to the defendant in *Core Construction*, Scottsdale points to portions of the insurance policy, or its exclusions, that it alleges would result in a finding that it is not liable for the relief the City seeks in this action. *See id.* Scottsdale's Second Affirmative Defense specifically states – after citing the policy and various policy definitions – that "[t]o the extent that a covered 'occurrence' as defined under the Policy has not occurred, the Policy affords no coverage for the subject claims made and damages sought against Daizies and the City." (*Id.*).

Here, as in *Core Construction*, the Court finds that the City "has not shown that it would be prejudiced if the merits of these defenses are resolved at summary judgment or trial, as opposed to being resolved on a motion to strike" or that "these affirmative defenses fail to

provide sufficient notice as to how the cited policy provisions apply to the instant case." *See Core Construction*, 2012 WL 12904335, at *3. If anything, Scottsdale has done more than what was found to be minimally sufficient in *Core Construction*. *See id.* There, the Court held that the defendant's *references* to the policy were enough for the plaintiff to have notice of the defenses the defendant may raise. *Id.* at *3. Here, Scottsdale actually cited to the specific policy provisions and definitions that apply. (*See* Doc. 100 at 6-8). Thus, the Court agrees with the reasoning and the result in *Core Construction* and finds that the City's Motion to Strike should be denied in this case. *See* 2012 WL 12904335, at *3.

In sum, the Court finds that Scottsdale has provided sufficient information – *i.e.*, the references to the policy at issue – to provide fair notice of the grounds upon which its defense rests. *See Williamceau*, 2017 WL 2544872, at *1.

Accordingly, the Court hereby **ORDERS** that the City of Fort Myers' Motion to Strike Scottsdale Insurance Company's Second Affirmative Defense (Doc. 102) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on August 28, 2017.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties